IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re: : CHAPTER 13
:
ROBERT G. HECKMAN and :
TERRY L. HECKMAN, his wife, : Case No. 5:16-bk-04645
    Debtors :

## NOTICE TO CREDITORS AND PARTIES IN INTEREST

    Notice is hereby given that the above-named Debtors, Robert G. Heckman and Terry L. Heckman, his wife, filed a Motion to Amend their Chapter 13 Plan Post-Confirmation and a Second Amended Chapter 13 Plan on December 9, 2020, in the United States Bankruptcy Court for the Middle District of Pennsylvania. Objections to said Second Amended Chapter 13 Plan shall be filed with the Clerk, U.S. Bankruptcy Court, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, PA 18071, within twenty-one (21) days of the date of this Notice. All Objections shall conform to the Federal Rules of Bankruptcy Procedure and shall be served upon counsel for Debtor and upon the Case Trustee.

    The Second Amended Plan supersedes all previously filed plans. A copy of the Second Amended Plan Post-Confirmation is enclosed with this Notice.

    If no objections are timely filed and properly served, the Court may enter an Order granting the Motion to Amend Plan Post-Confirmation and approving the Second Amended Chapter 13 Plan.

Date: 12·9·20

                                                             Thomas K. Noonan
                                                             Thomas K. Noonan, Esquire
                                                             Attorney ID No. 21617
                                                             306 Mahantongo Street
                                                             Pottsville, PA 17901
                                                             Phone: 570-628-2461
                                                             Fax: 570-628-4498
                                                             Email: tknesq@ptd.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re: : CHAPTER 13
:
ROBERT G. HECKMAN and :
TERRY L. HECKMAN, his wife, : Case No. 5:16-bk-04645
    Debtors :

## MOTION TO AMEND CHAPTER 13 PLAN POST-CONFIRMATION
## SECOND AMENDED PLAN

Debtors, Robert G. Heckman and Terry L. Heckman, his wife, by and through their counsel, Thomas K. Noonan, Esquire, respectfully represent the following:

1. Debtors filed a Chapter 13 Bankruptcy Petition and Chapter 13 Plan on or about November 11, 2016.

2. Debtors' Plan was confirmed on March 30, 2017.

3. Debtors filed a Motion to modify the said Plan on April 16, 2019, which Motion was granted by Order dated May 8, 2019, confirming the First Amended Plan.

4. At the time they filed their case and at all times subsequent thereto, Debtors were below median income.

5. Although Debtors were only required to file a three (3) year plan, they chose to file a five (5) year plan, so as to lower their required monthly payment.

6. Debtors' Plan payment made during December, 2020, will be their forty-ninth (49th) payment for a total of $27,592.00.

7. Debtors are currently experiencing an unexpected and dire financial situation, in that their roof is deteriorating badly. Debtors have been informed by their homeowners insurance company that their insurance will be dropped unless they have their roof repaired, or replaced as needed.

8. Debtors, however, have been unable to secure any financing for said remedial work because they are currently in a bankruptcy.

9. Given these dire and unexpected circumstances, it is reasonable to allow Debtors to amend their Plan to forty-nine (49) months rather than sixty (60) months.

WHEREFORE, Debtors respectfully request this Honorable Court to grant them leave to file a Second Amended Chapter 13 Plan Post-Confirmation.

Date: 12.9.20

*Thomas K. Noonan*
Thomas K. Noonan, Esquire
Attorney ID No. 21617
306 Mahantongo Street
Pottsville, PA 17901
Phone: 570-628-2461
Fax: 570-628-4498
Email: tknesq@ptd.net

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re: : CHAPTER 13
:
ROBERT G. HECKMAN and :
TERRY L. HECKMAN, his wife, : Case No. 5:16-bk-04645
    Debtors :

## CERTIFICATE OF SERVICE

I, Thomas K. Noonan, Esquire, hereby certify that I have on the date stated below, served a copy of the attached Motion to Amend Chapter 13 Plan Post-Confirmation, a copy of the Proposed Order and a copy of the Second Amended Chapter 13 Plan Post-Confirmation and Notice to Creditors and Other Parties in Interest, by electronically notifying the parties or by depositing a true and correct copy in the United States Mail, First Class Mail, Postage Prepaid, addressed to the following:

**ALL CREDITORS AND PARTIES IN INTEREST ON THE ATTACHED MATRIX.**

Date: 12.9.20

*Thomas K Noonan* (signature)

Thomas K. Noonan, Esquire
Attorney ID No. 21617
306 Mahantongo Street
Pottsville, PA 17901
Phone: 570-628-2461
Fax: 570-628-4498
Email: tknesq@ptd.net

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ROBERT G HECKMAN and<br>TERRY L HECKMAN, his wife<br><br>Debtor(s) | CHAPTER: 13<br><br>CASE NO. 16-04645<br><br>☐ ORIGINAL PLAN<br>2'd AMENDED PLAN (indicate #)<br>0 Number of Motions to Avoid Liens<br>0 Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**
    1. To date, the Debtor paid $ 26,977.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 27,592 plus other payments and property stated in § 1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 12/20 | 12/20 | $615.00 | | $615.00 | $615.00 |
    | | | | | | |
    | | | | | | |
    | | | | | | |
    | | | | | | |
    | | | | | Total Payments: | $615.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☑ Debtor is at or under median income.

    B. **Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

    *Check one of the following two lines:*

2

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

2. **SECURED CLAIMS.**

   A. <u>**Pre-Confirmation Distributions.**</u> *Check One:*

   ☑ None.

   B. <u>**Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**</u> *Check One:*

   ☐ None.
   *If this is checked, the rest of § 2.B need not be completed or reproduced.*

   ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PNC Mortgage | Residence at 154 Mahanoy Ave, Tamaqua, PA | |
| Santander Bank | Residence at 154 Mahanoy Ave, Tamaqua, PA | |
| | | |

3

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

    ☑ None.

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

    ☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

    ☑ None.

F. **Surrender of Collateral.** *Check One:*

    ☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens.* *Check One:*

    ☑ None.

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's fees. Complete only one of the following options:

        a. In addition to the retainer of $ 1,300.00 already paid by the Debtor, the amount of $ 3,700.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

4

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

   ☑ None.

B. **Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

   ☑ None.

4. **UNSECURED CLAIMS.**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

      ☑ None.

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

   ☐ None.
   *If this is checked, the rest of § 5 need not be completed or reproduced.*

   ☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

5

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| Ford Motor Credit | 2018 Ford Focus | $363.00 | | 0.00 | | Assume |
| | | | | | | |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☒ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

   If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

   Payments from the plan will be made by the Trustee in the following order:

   Level 1: Enter text here
   Level 2: Enter text here
   Level 3: Enter text here
   Level 4: Enter text here
   Level 5: Enter text here
   Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Enter text here

Dated: December 9, 2020

Thomas K Noonan, Esq
Attorney for Debtor

Robert G Heckman
Debtor

Terry L Heckman
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7